## Irons v. Jacobs

*Dennis J. Stofko*, for plaintiffs.

*James B. Yelovich*, and *Kimmel, Rascona, Yelovich & Bowman*, for defendant.

COFFROTH, *P.J.*, October 9, 1979—These cases are here on defendant Frank J. Jacob's motions to strike off two judgments entered by confession in Cambria County against said defendant and defendant Darlyne Jacobs, and transferred to this county, on two grounds:

(1) The notes on which judgments were confessed are barred by the statute of limitations; and

(2) No affidavits of default were filed.

## STATUTE OF LIMITATIONS

Defendant contends that the applicable statute of limitations is the six-year period prescribed by the Judicial Code, 42 Pa.C.S.A. §5527(2), which provides in relevant part that: "The following actions and proceedings must be commenced within six years: (1) . . . ; (2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter." There is no other applicable limitation in the subchapter.

Prior to enactment of the Judicial Code, there was no statute of limitations applicable to a sealed instrument such as the judgment notes in this case; instead, a 20-year rebuttable presumption of payment applied. Such sealed specialties were expressly omitted from the statute of limitations: Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 P.S. §31; 22 P.L.E. §26, 418. That statute has been repealed in Judicial Code, 42 Pa.C.S.A. §20002[9]. Since the notes in suit are dated respectively March 7, 1966 (No. 81) and January, 1967 (No. 82), and no action was taken until both notes were entered as judgments approximately 12 years later on January 12, 1979, defense counsel contends such action was barred by the six-year statute of limitations.

The contention overlooks the special savings provisions of section 25 of the Act of July 9, 1976, P.L. 586, set out as a note to Judicial Code, 42 Pa.C.S.A. §5527, supra, effective June 27, 1978 (also the effective date of the Judicial Code), providing that where the previous time limitation is reduced by the Code (as in this case) and the claim is

not fully barred on the day prior to the Code's effective date (as in this case), a civil action or proceeding "may be commenced within one year after the effective date" of the code, or within the period of the previous limitation, whichever is less. Thus, confession of judgment on these notes was permissible until June 27, 1979, and entry of judgment on January 10, 1979 was timely.

## AFFIDAVIT OF DEFAULT

The notes in suit are judgment notes in customary form containing a warrant of attorney which does not state any express limitation as to time of entry, nor any specific event such as default which must first occur; the rule is that in the absence of such a restriction in the warrant, judgment may be entered at any time without waiting for maturity date or default: 20 P.L.E. §34, 173.[1] Consequently, no affidavit of default is necessary as a condition upon entry of judgment on the note. Id. §30. Such a note is, however, not a negotiable instrument: Uniform Commercial Code of April 6, 1953, P.L. 3, art. 3, sec. 112(1)(d), 12A P.S. §3-112(d); Blake-Cadillac v. Cackovic, 54 D. & C. 2d 160 (1971).

## TRANSFER OF JUDGMENTS

At the argument, defense counsel complained that the judgments were entered in Cambria

---

1. The phrase in the note that it is payable "without defalcation" means without deduction or set-off. See 26A C.J.S. 124; Tagg v. Bowman, 108 Pa. 273, 277 (1885); Act of 1705, 1 Sm.L. 49, 12 P.S. §601 et seq., repealed by Judicial Code, 42 Pa.C.S.A. §20002[6]. The quoted phrase does not limit the warrant of attorney to confession only after default as defense counsel has suggested.

County, notwithstanding that all parties reside in Somerset County, and were then transferred to Somerset County, in order to evade the Swarb-Lennox affidavit requirement of the Somerset County prothonotary which the Cambria County prothonotary does not impose. Since this question is not raised in the motions to strike, we shall not undertake to pass on it. We note, however, the following:

(1) The basic statutory authority for confession of judgment is contained in section 28 of the Act of February 24, 1806, P.L. 334, as amended, 12 P.S. §739, which authorizes entry of judgment by confession by the "prothonotary of any court of record, within this commonwealth." That Act is incorporated by reference in Pa.R.C.P. 2951(a), but has been repealed by Judicial Code, 42 Pa.C.S.A. §20002[49]. The judgments in this case were not confessed under the procedure specified in the Act of 1806, supra, but by action under Pa.R.C.P. 2951(b) and (c): those rules specify no particular venue or court wherein judgment may or must be entered. See new proposed civil rules on confession of judgment in 9 Pa. Bull. 2387 et seq. (1979), which likewise contain no venue provisions.

(2) Pa.R.C.P. 3002 authorizes transfer of a judgment entered in one county to any other county of the Commonwealth, without restriction.

(3) Pa.R.C.P. 2959 and 2960 govern proceedings for striking off and opening judgment by confession, but specify no venue. By statute, proceedings to open may be filed either in the county of entry or in a transferee county: Keystone Bank v. Benford, 34 Somerset 312, 313 (1978); Act of March 27, 1945, P.L. 83, sec. 1, as amended, 12 P.S. §913, repealed by Judicial Code, 42 Pa.C.S.A. §20002 [1236], effective June 27, 1980; 8 Goodrich-

Amram 2d §3010:1. But since the statute specifies only the opening of judgment without mentioning striking off, it has been held that a motion to strike can reach only the record in the county in which the motion is filed: Investors Consumer Discount v. Caskey, 1 D. & C. 3d 24 (1977). In the instant case, no petition to open was filed, and in order to place before the court all of the requisite facts, the parties furnished us copies of the Cambria County records. This procedure was irregular since a motion to strike reaches only defects on the face of the record, see Keystone Bank v. Benford, supra, and 20 P.L.E. §103, 226, in the county where the motion is filed without reaching record defects in the transferor county: Investors Consumers Discount v. Caskey, supra. Plaintiff made no objection to this procedure.[2]

(4) The prothonotary's affidavit requirement is self-adopted as discussed in Somerset Gasoline Company v. Harrington, 29 Somerset 283, 295 (1974), where we declined to approve or disapprove it, as we also do here.

## ORDER

Now, October 9, 1979, the motions to strike the judgments entered in the above captioned cases are denied.

---

2. In Keystone Bank v. Benford, supra, a petition to strike off or open was filed in the transferee county; both were denied. Venue or jurisdiction to entertain the motion to strike was not raised. Proposed Rule 2959(a), see Pennsylvania Bulletin cited supra, mandates that all grounds for relief be stated in a single petition which may be filed in either county. Query: Is it intended that the court of the transferee county review the record in the transferor county on a motion or petition to strike?